UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL S. ARIO, in his official capacity as
Insurance Commissioner of the
Commonwealth of Pennsylvania, as
Liquidator of RELIANCE INSURANCE
COMPANY (IN LIQUIDATION),

     Plaintiff,

v.

PLUMB'S, INC.,

     Defendant.
                                       /

Case No. 2:09-cv-10093

HONORABLE STEPHEN J. MURPHY, III

### ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS OR TRANSFER (Docket No. 8)

This matter comes before the Court on defendant Plumb's, Inc. ("Plumb's") motion to dismiss this case for improper venue pursuant to 28 U.S.C. § 1391 or, in the alternative, to transfer this case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, defendant's motion will be granted in part, and the Court will order this matter transferred to the United States District Court for the Western District of Michigan.

### FACTS

The plaintiff, Joel S. Ario, Insurance Commissioner of the Commonwealth of Pennsylvania (the "Liquidator"), is the Liquidator of Reliance Insurance Company ("Reliance"). The Liquidator's official place of business is in Harrisburg, Pennsylvania. Reliance is a Pennsylvania domiciled insurance company with its principal place of business in Philadelphia, Pennsylvania. Defendant Plumb's, a grocer, is a Michigan corporation with its principal place of business in Muskegon, Michigan.

From 1997 through 2000, Reliance issued four one-year workers' compensation and employer's liability insurance policies to Plumb's (the "Reliance policies") covering employees at various Plumb's locations from January 1, 1997 to September 1, 2000. The policies have "retrospective premium" provisions that provide for the cost of the insurance to be rated retrospectively through a retrospective calculation and determination of Plumb's actual premium payment amount. According to the Liquidator, the retrospective premium provisions in the policies provide that if the retrospective premiums are more than the estimated premiums paid by Plumb's during the term of the policies, then Plumb's must pay the balance due, while if the retrospective premiums are less than the estimated premiums paid, then the insurer is to refund the difference to Plumb's.

Reliance performed retrospective premium adjustments for each of the policy years of the Reliance policies and alleges that Plumb's owes $258,966 in retrospective premiums. Plumb's takes the position that Reliance breached the contracts by failing to promptly calculate the retrospective premiums.

In support of its motion to dismiss or transfer, Plumb's has submitted the affidavit of James Nader, Plumb's President and CEO. Nader attests that Plumb's has its principal place of business and is headquartered in Muskegon, Michigan, and does not have any business locations within the Eastern District of Michigan. He states that all individuals who possess information on defendant's behalf concerning plaintiff's allegations in this lawsuit reside within the Eastern District of Michigan (this appears to be a typographical error, since it appears clear to the Court that Mr. Nader means the Western District of Michigan) and that all documents in the possession of the defendant that relate to the allegations in the complaint are located in the Western District of Michigan. Nader states that any actions by the defendant in connection with the insurance policies took place in Muskegon,

2

Michigan. Finally, Nader states that the insurance in question was offered through Spartan Stores, Inc. ("Spartan"), that Spartan or its designate may have played a role in administering the coverage and maintaining the documents, and Spartan and its designate are both located in the Western District of Michigan.

In opposition to defendant's motion to dismiss or transfer, the Liquidator has submitted what appears to be a press release from Spartan, which states that Spartan is the nation's tenth largest grocery distributor and has warehouse facilities in Grand Rapids and Plymouth, Michigan, and a page from the website of defendant's attorney, showing that defendant's counsel has an office in Ann Arbor, in the Eastern District of Michigan. The Liquidator has also submitted a supplemental affidavit of Abraham Singer, counsel for the Liquidator, in which Singer attests that he heard a Plumb's advertisement on Sports Radio 1130 WDFN during a Detroit Piston's basketball game, and that WDFN is located within Farmington Hills, Michigan, which is within the Eastern District.

In response to the Singer affidavit, Plumb's has also submitted a supplemental affidavit by James Nader which addresses the advertising raised in Singer's affidavit. In his supplemental affidavit, Nader states that Plumb's did not contract for the advertisement that Singer testified that he heard and that the advertisement may have been placed by Spartan Stores as part of a statewide promotion offering individuals who shopped at affiliates of Spartan Stores located around the State of Michigan a chance to receive tickets to sporting events. Nader attests that Plumb's did not pay for any such advertisement and did not take part in determining its content or the media in which it would run. Finally, Nader testifies that Plumb's has no stores located in the Eastern District of Michigan and does no advertising directed at that part of the state.

3

**ANALYSIS**

Defendant moves to dismiss or transfer pursuant to Rule 12(b)(3) for improper venue. Once a defendant raises the question of proper venue, the plaintiff has the burden of establishing that venue is proper. *Audi AG v. Volkswagen of America, Inc.*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id.* (citations omitted).[1]

In federal diversity cases, venue is controlled by 28 U.S.C. §1391(a) which provides that proper venue lies (1) in the judicial district where any defendant resides, (2) where a substantial part of the events or omission giving rise to the claim occurred, or (3) where the defendant is subject to personal jurisdiction at the time the action is commenced. A defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). If the state has more than one judicial district, as Michigan does, the corporate defendant is deemed to reside in any district within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. *Id.* Under Michigan law, a corporation is subject to general personal jurisdiction if it carries on "a continuous and systematic part of its general business within the state." M.C.L. § 600.711(3).

Here, there is no indication that Plumb's Inc., a grocery store with its principal place of business and headquarters in Muskegon, Michigan, carries on any continuous or systematic business within the Eastern District of Michigan. In fact, the record indicates the exact

---

[1] The defendant has also moved in the alternative to transfer this case under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, but the Court will not reach this issue because, as discussed below, the Court finds that the Eastern District of Michigan is an improper venue.

4

opposite. In his affidavit, Mr. James A. Nader, President and CEO of Plumb's Inc., states that Plumb's has no business locations within the Eastern District of Michigan. Although Plaintiff is quick to note that Plumb's receives shipments from Spartan Stores, a company with distribution centers in both Grand Rapids and Plymouth, Michigan, Mr. Nader's supplemental affidavit makes clear that Defendant only deals with Spartan Stores through that company's main office in Grand Rapids, Michigan. Unlike in *Foley and Lewis Racing, Inc. v. Torco Racing Fuels, Inc.,* No. 08-CV-13416, 2009 WL 22860, at *3 (E.D. Mich. Jan. 5, 2009), to which Plaintiff points this Court, these are not Defendant's **own** licensed dealers (as they were in *Foley*) but distribution centers of a third-party. Defendant has no control over which distribution center Spartan Stores chooses to ship its goods from and should not, and cannot, be subjected to personal jurisdiction on the business practices of a third-party. *Asahi Metal Industry Co., Ltd. v. Superior Court,* 480 U.S. 102, 109 (1987).

The Liquidator has offered an affidavit tending to show that Plumb's advertises in this district and argues that this advertising is sufficient to warrant the assertion of general personal jurisdiction. If Plumb's did, in fact, regularly advertise in the Eastern District there might be grounds for a finding of general personal jurisdiction. Plumb's, however, has offered a supplemental affidavit by Nader, its CEO, in which Nader states that the single radio advertisement in question was produced and funded by Spartan Stores, and that Plumb's was not consulted about either the content or the geographical distribution of the advertisement. Again, personal jurisdiction cannot be premised on the unilateral acts of third parties. *Asahi*, 480 U.S. at 109.

The burden rests on the Plaintiff to establish that the Defendant is subject to personal jurisdiction in the Eastern District and that, therefore, venue in this District is proper. *Kepler v. ITT Sheraton Corp.,* 860 F. Supp. 393, 396 (E.D. Mich. 1994), *citing Welsh v. Gibbs,* 631

5

F.2d 436, 438 (6th Cir. 1980), *cert. denied,* 450 U.S. 981 (1981*).* Plaintiff has failed to establish that Plumb's carries on "continuous and systematic" business within the Eastern District. Furthermore, none of the events giving rise to this claim occurred in the Eastern District of Michigan. Mr. Nader, again, states that actions associated with the insurance polices at issue in this claim all occurred in Muskegon, Michigan. This Court is, therefore, forced to conclude that venue in this District is not proper.

Where a court determines that venue is improper, the court must order that the case be dismissed or, if the court finds it to be in the interest of justice, the court may order the matter to be transferred to a district in which the case might have originally been brought. The matter could have been brought in the Western District of Michigan, where the defendant is clearly subject to the jurisdiction of that court. The submissions in this matter also suggest that at many of the events giving rise to the plaintiff's claims occurred in the Western District and, because the defendant is a Michigan corporation, the state of Michigan has an interest in adjudicating this matter. The court finds that a transfer, rather than a dismissal, would serve the interest of justice and therefore will order this matter transferred to the Western District of Michigan.

For the foregoing reasons, it is hereby **ORDERED** that defendant's motion to dismiss or transfer for improper venue (docket no. 8) is **GRANTED IN PART**. The Court **ORDERS** the Clerk of the Court to **TRANSFER** this matter to the **UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF MICHIGAN**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: June 26, 2009

6

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 26, 2009, by electronic and/or ordinary mail.

                                         Alissa Greer
                                         Case Manager